UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT RICKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-438-WTL-DKL |
| | ) |
| CORIZON HEALTH CARE, BRIAN SMITH, | ) |
| PHEGLY, WILLIAM SPANENBERG, | ) |
| RN's for CORIZON HEALTH, PHARMACORR, | ) |
| DEE, MATT, HENRY, CAROLYN, | ) |
| ROXANN LEWIS, BRYAN BULLER, | ) |
| CARL KUENNLI, EDWARD ROSS, | ) |
| BRUCE IPPEL, JESSICA HIRT, ANN PELL, | ) |
| KATHY EDRINGTON, TINA BURGER, | ) |
| KALA BRAWFORD, TYRA NICKERSON, | ) |
| DIVISION OF MEDICAL AND CLINICAL | ) |
| HEALTH CARE SERVICES, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**. The plaintiff is assessed an initial partial filing fee of $30.00 (Thirty Dollars). He shall have **through December 28, 2016**, to pay this sum to the clerk.

**II.**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). The suit charges deliberate indifference to the plaintiff's medical needs, in violation of the cruel and unusual punishments clause of the Eighth Amendment.

In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)(construing *Estelle*).

### III. Insufficient Claims

There is in this case the hint of a serious medical condition such as could satisfy the objective element of an Eighth Amendment claim. *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999)(explaining that a serious medical need is one that has been diagnosed by a physician as needing treatment or one for which even a layperson would recognize the need for a doctor's care). There is not, however, even the hint (in the language of *Bell Atlantic*) of deliberate indifference in relation to an allegation sufficient to raise the plaintiff's right to relief above the speculative level or enough facts to state a claim to relief that is plausible on its face. *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005)("[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.")(quotation marks and citation omitted).

The plaintiff names twenty-two defendants in this action. However, the plaintiff fails to identify a particular individual that was the cause of or directed any conduct causing a constitutional deprivation.

In order to be held liable for a violation of § 1983 in an individual capacity, a defendant must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994)). Such personal responsibility exists if the conduct causing a constitutional deprivation occurred at the individual's direction or with his knowledge or consent. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (other citations omitted)). Thus, "some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through December 28, 2016** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of

this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

The "AMENDED COMPLAINT" shall have the proper case number, 2:16-cv-0438-WTL-DKL, on the front page. Failure to file an amended complaint as directed may result in the dismissal of the action for failure to state a claim and for failure to comply with court orders.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

The plaintiff's motion to appoint counsel [dkt. 3] is **denied as premature.** The filing fee has not been paid and the defendants have not been served. In addition, the Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

**IT IS SO ORDERED**.

Date: 11/30/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Rickard, #884518
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**