# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT RICKARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CORIZON HEALTH CARE, BRIAN SMITH, )<br>PHEGLY, ADMINISTRATOR FARRAH, )<br>WILLIAM SPANENBERG, )<br>RN's for CORIZON HEALTH, PHARMACORR, )<br>DEE, MATT, HENRY, CAROLYN, )<br>ROXANN LEWIS, BRYAN BULLER, )<br>CARL KUENNLI, EDWARD ROSS, )<br>BRUCE IPPEL, JESSICA HIRT, ANN PELL, )<br>KATHY EDRINGTON, TINA BURGER, )<br>KALA CRAWFORD, TYRA NICKERSON, )<br>CASSANDRA, JUNE DOE, JOHN DOE, )<br>)<br>Defendants. ) | Case No. 2:16-cv-438-WTL-DKL |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

On November 30, 2016, the Court screened the plaintiff's complaint and dismissed it for failure to state a claim. The Court gave the plaintiff the opportunity to file an amended complaint. An amended complaint was filed on December 28, 2016. However, the amended complaint suffers from the same deficiencies as the initial complaint.

The plaintiff names twenty-five defendants in the amended complaint, yet the plaintiff still failed to identify a particular individual that was the cause of or directed any conduct causing a constitutional deprivation.

In order to be held liable for a violation of § 1983 in an individual capacity, a defendant must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*,

65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994)). Such personal responsibility exists if the conduct causing a constitutional deprivation occurred at the individual's direction or with his knowledge or consent. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (other citations omitted)). Thus, "some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint is subject to dismissal.

**II.**

The dismissal of the amended complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through February 27, 2017** in which **to file a second amended complaint.**

**The second amended complaint must allege what each defendant did to deny the plaintiff necessary medical care.**

The "SECOND AMENDED COMPLAINT" shall have the proper case number, 2:16-cv-0438-WTL-DKL, on the front page. Failure to file a second amended complaint as directed may result in the dismissal of the action for failure to state a claim and for failure to comply with court orders without further notice to the plaintiff.

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If a second amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 1/26/17

_William T Lawrence_ (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Rickard, #884518
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**