# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT RICKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-438-WTL-DKL |
| | ) |
| CORIZON HEALTH CARE, BRIAN SMITH, | ) |
| PHEGLY, ADMINISTRATOR FARRAH, | ) |
| WILLIAM SPANENBERG, | ) |
| RN's for CORIZON HEALTH, PHARMACORR, | ) |
| DEE, MATT, HENRY, CAROLYN, | ) |
| ROXANN LEWIS, BRYAN BULLER, | ) |
| CARL KUENNLI, EDWARD ROSS, | ) |
| BRUCE IPPEL, JESSICA HIRT, ANN PELL, | ) |
| KATHY EDRINGTON, TINA BURGER, | ) |
| KALA CRAWFORD, TYRA NICKERSON, | ) |
| CASSANDRA, JUNE DOE, JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

On January 26, 2017, the Court screened the plaintiff's amended complaint and dismissed it for failure to state a claim. The Court gave the plaintiff the opportunity to file a seconded amended complaint. The plaintiff filed a second amended complaint on March 7, 2017.

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as

when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

The plaintiff names the following entities or individuals as defendants: 1) Brian Smith, Superintendent, Putnamville Correctional Facility; 2) Indiana Department of Correction; 3) Corizon Health; 4) Pharmacorr Indy; 5) Dr. William Spanenberg; 6) Dr. Bryan Buller 7) Farrah Bunch; 8) Mark Young; 9) LPN Cassandra Felix; and 10) R.N. Trina Nickerson. The plaintiff

alleges the defendants were deliberately indifferent in their treatment of his terminal heart condition while he was an inmate at the Putnamville Correctional Facility.

In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)(construing *Estelle*).

## II. Insufficient Claims

1.      The claims against the Indiana Department of Correction are **dismissed** because such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. Similarly, the claims against Superintendent Brian Smith are **dismissed**. A defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. at 1948.

2.      The claims against Dr. Bryan Buller are **dismissed** for failure to state a claim. The only claim against Dr. Buller is that he confirmed the plaintiff was not pregnant prior to ordering treatment. This does not state a claim for deliberate indifference under the Eighth Amendment.

3. Finally, it appears from the complaint that the plaintiff is attempting to add his wife, Vicki Lynn Irelan, as a "contingent plaintiff." There is no such thing as a contingent plaintiff and the plaintiff may not represent another individual in a lawsuit.

### III. Claims that May Proceed

The plaintiff's claims against Corizon Health, Pharmacorr Indy, Dr. William Spanenberg, Farrah Bunch, Mark Young, LPN Cassandra Felix, and R.N. Trina Nickerson for deliberate indifference to a serious medical need in violation of the Eighth Amendment **may proceed**.

### IV. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Corizon Health, Pharmacorr Indy, Dr. William Spanenberg, Farrah Bunch, Mark Young, LPN Cassandra Felix, and R.N. Trina Nickerson in the manner specified by Rule 4(d). Process shall consist of the second amended complaint filed on March 7, 2017, [dkt. 10], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is instructed** to update the caption on the docket to reflect that only the following individuals or entities are defendants in this action: Corizon Health, Pharmacorr Indy, Dr. William Spanenberg, Farrah Bunch, Mark Young, LPN Cassandra Felix, and R.N. Trina Nickerson

**IT IS SO ORDERED.**

Date: 3/24/17

Distribution:

Corizon Health
103 Powell Court
Brentwood, TN 37027

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Corizon Health
9245 N. Meridian St., Suite 120
Indianapolis, IN 46208

Jeb Crandall
Bleeke Dillon and Crandall
8470 Allison Pointe Blvd. #420
Indianapolis, IN 46250

Pharmacorr
6002 Corporate Way
Indianapolis, IN 46278

Dr. William Spanenberg
Corizon Employee
9245 N. Meridian St., Suite 120
Indianapolis, IN 46208

Farrah Bunch
Health Care Administrator
9245 N. Meridian St., Suite 120
Indianapolis, IN 46208

Mark Young
Health Care Administrator
9245 N. Meridian St., Suite 120
Indianapolis, IN 46208

LPN Cassandra Felix
Corizon Employee
9245 N. Meridian St., Suite 120
Indianapolis, IN 46208

R.N. Trina Nickerson
Corizon Employee
9245 N. Meridian St., Suite 120
Indianapolis, IN 46208

SCOTT RICKARD
884518
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838